IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**ZABIR KHAN** *an Individual,* **NOORJIHAN**
**KHAN** *an Individual, and* **INDUS UNITED**
**INC.** *trading as* K-2, A Pennsylvania
Corporation,

16cv0209

**ELECTRONICALLY FILED**

Plaintiffs,

v.

**UNITED STATES OF AMERICA**,

Defendant.

### Memorandum Opinion

I.       **Introduction**

This is an action brought pursuant to 7 U.S.C. § 2023, seeking judicial review of the

United States Department of Agriculture (USDA) Food and Nutrition Services (FNS) decision to

permanently disqualify K-2, a convenience/grocery store owned by Plaintiffs, from participating

in the food stamp program called the Supplemental Nutrition Assistance Program (SNAP).  The

FNS determined that the K-2 Store was engaged in "trafficking" of food stamps.  Currently

pending before this Court is Defendant's Motion to Dismiss for lack of subject matter

jurisdiction and, alternatively, a Motion to Dismiss for Failure to State a Claim Upon Which

Relief May Be Granted.  Defendant argues that pursuant to Fed. R. Civ. Pr. 12(b)(1) and

(alternatively) 12(b)(6) [doc. no. 15], this Court should dismiss this action for lack of subject

matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies.  For the

reasons that follow, this Court will GRANT Defendant's Motion to Dismiss under Fed. R. Civ.

Pr. 12(b)(1).

## II.       Standard of Review

When a Court considers a motion to dismiss for lack of subject matter jurisdiction[1] under Federal Rule of Civil Procedure 12(b)(1), it must first determine whether the defendant is making a facial or factual jurisdictional attack.  In a facial jurisdictional attack, where the defendant asserts that the allegations of the complaint are insufficient to establish jurisdiction, the Court must consider the allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party.  *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977).  In a factual jurisdictional attack, where the defendant argues that the Court lacks jurisdiction based on evidence outside of the pleadings, the standard of review is very different.  "Because at issue in a factual 12(b)(1) motion is the trial court's [actual] jurisdiction -- its very power to hear the case -- there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Id.* at 891.  Thus, when presented with a factual 12(b)(1) motion, the Court may consider evidence outside of the pleadings, *id.*, and need only accept the plaintiff's uncontroverted allegations as true.  *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993)(citing *Gibbs v. Buck*, 307 U.S. 66, 72 (1939) and 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 1350, 1363, at 219-20, 457 (2d ed. 1990)).  This case presents a factual challenge to jurisdiction.

---

[1] Since the Court finds that Rule 12(b)(1) is the proper mechanism to address Defendant's contentions, the Court will analyze this case under the Rule 12(b)(1) standard of review.

### III.     Procedural History and Background

The procedural history of the underlying case establishes that a USDA-FNS investigation revealed what it believed was evidence of trafficking in food stamps.  When an investigation results in an agency action to disqualify a store from the SNAP program, a Charge Letter is sent to the store, as was the case here on November 20, 2015.  AR 47-49.

The text of the Charge Letter stated that an analysis of the Electronic Benefits Transfer (EBT) transactions for May 2015 through October 2015 established "clear and repetitive patterns of unusual, irregular, and inexplicable activity for [Plaintiffs'] type of firm."  *Id*.  In light of these allegations, the store is then provided an opportunity to reply to the charges.  See 7 C.F.R. § 278.6(b).  Here, the letter stated that Plaintiffs had a right to reply to the charges, and to present "any information, explanation, or evidence regarding these charges," within 10 days of receiving the Charge Letter.  *Id.* at 48. Plaintiffs actually received the Charge Letter on November 25, 2015. *Id.* at 59.

In a letter dated December 4, 2015, Attorney Andrew Tapp notified the FNS that Plaintiffs had  retained his representation and requested an additional 10 days to respond to the Charge Letter. FNS, by letter dated December 8, 2015, granted the extension. *Id*. at 62-63.

On December 14, 2015, Attorney Tapp sent a letter responding to the Charge Letter. *Id.* at 64-69.  After considering the response, the agency then issued a Determination Letter on January 26, 2016.  In it, the FNS stated that it analyzed the information submitted by the Plaintiffs and concluded that the evidence provided did not sufficiently explain the suspicious transactions. *Id.* at 93-110.

Plaintiffs, through their attorney, received the Determination Letter on January 27, 2016, wherein the K-2 Store was permanently disqualified from SNAP, effective upon receipt of the

letter, unless a request for administrative review was made within 10 calendar days. Plaintiffs have admitted that they received the letter on January 27, 2016, but because of "communication issues," they were unable to meet the filing deadline.

According to the text of 7 U.S.C. §2023(a)(3) (quoted below), this determination becomes "final," unless the store submits a request for administrative review by an Administrative Review Officer. 7 U.S.C. § 2023(a)(3); 7 C.F.R.§ 278.6(n). In the event that a store files for administrative review (which again, was not the case here), the Administrative Review Officer would subsequently render a Final Agency Decision (FAD) and notify the store. *After* receiving notice of the FAD, the store may then seek judicial review in federal or state court. 7 U.S.C. §§2023(a)(13), (15).

## IV.    Discussion

It is beyond peradventure that a claim against the United States is barred absent a waiver of sovereign immunity by Congress "'and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 [1941] ). A waiver of sovereign immunity cannot be implied; instead, it must be "unequivocally expressed in the statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

The United States has expressly consented to suits by retail food stores challenging the decision by the USDA-FNS to disqualify such stores from participation in the Food Stamp Program. 7 U.S.C. § 2023. Thus, a plaintiff may seek review of the FNS decision only under the statutory grant waiving the sovereign immunity of the United States. *Singh v. U.S. Dept. of Agriculture*, 2008 WL 8866072 (E.D. Wisconsin, July 30, 2008).

In 7 U.S.C. § 2023, Congress enunciated the jurisdictional requirements for a federal court to review the administrative decisions relating to the Food Stamp Program. It provides, in pertinent part, as follows:

>（1)Whenever an application of a retail food store or wholesale food concern to participate in the supplemental nutrition assistance program is denied pursuant to section 2018 of this title, or a retail food store or wholesale food concern is disqualified or subjected to a civil money penalty under the provisions of section 2021 of this title, or a retail food store or wholesale food concern forfeits a bond under section 2021(d) of this title, or all or part of any claim of a retail food store or wholesale food concern is denied under the provisions of section 2022 of this title, or a claim against a State agency is stated pursuant to the provisions of section 2022 of this title, notice of such administrative action shall be issued to the retail food store, wholesale food concern, or State agency involved.

>　　*　　*　　*

>(3)　**If such store, concern, or State agency is aggrieved by such action, it may,** in accordance with regulations promulgated under this chapter, **within ten days of the date of delivery of such notice, file a written request for an opportunity to submit information in support of its position to such person or persons as the regulations may designate.**

>(4)　**If such a request is not made** or if such store, concern, or State agency fails to submit information in support of its position after filing a request**, the administrative determination shall be final.**

>(5)　**If such request is made by such store,** concern, or State agency, such information as may be submitted by the store, concern, or State agency, as well as such other information as may be available**, shall be reviewed by the person or persons designated by the Secretary, who shall, subject to the right of judicial review hereinafter provided, make a determination which shall be final and which shall take effect thirty days after the date of the delivery or service of such final notice of determination**.

>　　*　　*　　*

>(13)　**If the store**, concern, or State agency **feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business**, or, in the case of a retail food store or wholesale food concern, in any court of record of the State

having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.

7 U.S.C. §2023(a)(1)(3)(4)(5) and (13) (emphasis added).

Additionally, according to 7 C.F.R. § 278.6(n):

**Review of determination**. The determination of FNS shall be final and not subject to further administrative or judicial review unless a written request for review is filed within the period stated in part 279 of this chapter.

Again, in this situation, Plaintiffs admittedly failed to first obtain administrative review of the disqualification decision prior to filing this district court action. To support their position that such administrative review is not compelled, Plaintiffs rely on an overly narrow interpretation of 7 U.S.C. §§ 2023(a)(4) and (13), without any consideration of subsection (a)(5).

The Court rejects Plaintiffs' invitation to confine itself to examining a particular statutory provision in isolation. *Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 666 (2007). Instead, "a statute is to be read as a whole . . . since the meaning of statutory language, plain or not, depends on context*." King v. St. Vincent's Hosp*. 502 U.S. 215, 221 (1991).

The Court finds that, reading the statutory text as a whole, and specifically, the above quoted statutory language, judicial review is precluded for failure to file an administrative appeal. The Court cannot ignore the stark contrast between subsections (a)(4) and (a)(5). Whereas subsection (4) is silent on the issue of "right of judicial review," the very next subsection (a)(5), specifically states, "**subject to the right of judicial review hereinafter provided, make a determination which shall be final.**" The omission of the language "subject to judicial review," in § 2023(a)(4), provides a logical indication that Congress did not intend to

provide an avenue for judicial review for those individuals or entities who failed to properly pursue their administrative remedies. *Singh* at * 3.

In other words, the intent of Congress in expressly including in subsection (a)(5) regarding "the right of judicial review," and excluding that same exact phrase in the immediately prior subsection of (a)(4) must be given its full effect.

Plaintiffs' interpretation of this jurisdictional provision is at odds with the principle that waivers of sovereign immunity are to be strictly construed in favor of the sovereign, and exceptions are not lightly implied. *U.S. v. Nordic Village*, 503 U.S. 30, 34 (1992); *Block v. North Dakota*, 461 U.S. 273, 287 (1983).[2]

Additionally, and importantly, with regard to the above-quoted language of 7 C.F.R. § 278.6(n), which unequivocally precludes the path taken by Plaintiffs in this case, this Court is mindful that it owes "deference to the agency's interpretation of the statute and regulations it administers." *NVE, Inc. v. Dep't of Health and Human Services*, 436 F.3d 182, 186 (3d Cir. 2006)(citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842-43 (1984)).

Finally, although there is no case law within the trial or appellate courts of the Third Circuit directly on point, as Defendant emphasizes, recent Food Stamp cases where subject matter jurisdiction has been asserted to review permanent disqualification decisions involved situations where the aggrieved party has obtained administrative review *before* seeking relief in federal court. *See, e.g., Barrie v. United States*, No. 16-1769, 2016 WL 2659549 (E.D.N.Y. May 9, 2016); *Eltaweel v. United States Department of Agriculture*, No. 14-409, 2016 WL 1572880

---

[2] To the extent that the legislative intent is unclear, the maxim of statutory construction of *expressio unius est exclusio alterius* compels that the finding that the specific mention of certain things implies the exclusion of others. *Abdullah v. American Airlines, Inc.,* 969 F.Supp. 337 (D.C. V.I. June 5, 1997); *Hart v. Department of Transportation*, 109 M.S.P.R. 280, ¶ 10 (2008).

(D.R.I. Apr. 18, 2016); *Savera Super Store, LLC v. United States,* No. 14-554, 2016 WL 55274

(D. N.H. Jan. 5, 2016); *Ganesh v. United States*, No. 15-12, 2015 WL 6871644 (E.D. Ky. Nov.

6, 2015); *Reyes v. U.S.*, No. 13-1825, 2013 WL 5786360 (E.D. Pa. Oct. 23, 2013); *White Horse*

*v. U.S.*, No. 11-1538, 2012 WL 1533468  (D. N.J. 2012).  Indeed, this Court's research has

revealed no cases supporting Plaintiffs' argument of direct judicial review absent exhaustion of

administrative remedies, which was also noted in Defendant's Reply.[3]

In conclusion, the Court finds that subject matter jurisdiction is lacking because Plaintiffs

failed to perfect their statutory (and regulatory) obligation to first seek administrative review of

the Determination Letter.  Accordingly, Defendant's Motion to Dismiss Pursuant to Fed. R. Civ.

Pr. 12(b)(1) will be GRANTED.  An appropriate Order follows.

SO ORDERED this 10th day of June, 2016.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:  All counsel of record

---

[3] Moreover, in *Lallu, and Fast Trax, Inc. v. United States of America*, 8:15-cv-2130-T-27EAJ (M.D. Fla. 2016), the case cited by Plaintiffs in support of their viewpoint that aggrieved parties may bypass an administrative appeal and directly seek judicial review, is inapposite, because in that case, the Government agreed that Plaintiffs' filed the within action within 30 days of deliver or service of the final notice of determination.  The Court entered a one-page Order reopening the case and never addressed the merits of the jurisdictional issues.